**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-mj-8263-RMM

**UNITED STATES OF AMERICA**

v.

**LEMARION JAWUN BROWN,**

          **Defendant.**     /

FILED BY ____SW____ D.C.

May 14, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ✓ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  ☐ Yes  ✓ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  ☐ Yes  ✓ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  ☐ Yes  ✓ No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY:  *Suzanne Huyler*
SUZANNE HUYLER
ASSISTANT UNITED STATES ATTORNEY
District Court No.  A5503350
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:  (561) 820-8711
Fax:  (561) 820-8777
Email:  Suzanne.Huyler@usdoj.gov

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 25-mj-8263-RMM |
| LEMARION JAWUN BROWN, ) | |
| ) | |
| ) | |
| *Defendant(s)* | |

FILED BY ___SW___ D.C.
May 14, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 5, 2024** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Zachary F. Schleiffer, FBI
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: 5/14/25

_____
*Judge's signature*

City and state: West Palm Beach, FL        Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Zachary F. Schleiffer, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND JURISDICTION

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and I have been so employed since September of 2021. I am currently assigned to PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency, which investigates bank robberies, narcotics trafficking, fugitives, firearms offenses, gang activity, and other violent crimes. Prior to joining PB-2, I was assigned to the health care fraud squad of the FBI's Palm Beach County Resident Agency for 2 years. Based on my experience as a federal law enforcement officer, I have also conducted criminal investigations involving or relating to sophisticated financial schemes, including identity theft, wire fraud, mail fraud, bank fraud, money laundering, and access device fraud.

2. Pursuant to 18 U.S.C. § 3052, I am authorized to apply for and execute search warrants and arrest warrants for offenses enumerated in Titles 18 and 21 of the United States Code. I have participated in and directed investigations involving violent crime, violations of the Hobbs Act, bank robberies, trafficking in controlled substances, firearms offenses, identity theft, wire fraud, mail fraud, bank fraud, and various types of fraud committed using stolen identities. As a result of my training and experience, I am familiar with the tactics, methods, and techniques of committing those crimes.

3. I make this affidavit in support of an application for a criminal complaint charging LEMARION JAWUN BROWN, herein referred to as "BROWN," with a violation of Title 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).

4. This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers. I have not included in this affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for this court to authorize an arrest warrant for the person of BROWN. Based upon my training and experience and the

facts as set forth in this affidavit, there is probable cause to believe that BROWN violated Title 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).

## BACKGROUND CONCERNING INVESTIGATION

5. On September 5, 2024, local law enforcement was conducting routine patrol operations when law enforcement encountered a black Chevrolet Tahoe bearing Florida Tag #IPIH41. Due to dark window tint, law enforcement was not able to identify the number, sex, or race of passengers inside the vehicle, indicating illegal window tint. Law enforcement then initiated a traffic stop in the 300 Block of SW 6th Street, Belle Glade, Florida, located in Palm Beach County, in the Southern District of Florida.

6. Law enforcement identified the driver of the black Chevrolet Tahoe as C.S.S. and the passenger as BROWN who was seated in the rear seat.

7. Law enforcement informed C.S.S. of the reason for the traffic stop and then measured the tint on the vehicle's windows. The front driver's side window tint measured approximately 19%, while the rear passenger window on the driver's side measured approximately 3%. In the State of Florida, the legal limit for side window tint in the front of the car is 25% or higher and the legal limit for side window tint in the back of a vehicle is 15%. Fla. Stat. §§ 316.2953-54. Both front and rear tint of the Chevrolet Tahoe were therefore in violation of Florida State Statute and C.S.S. was later issued a warning for the illegal window tint.

## PROBABLE CAUSE

8. During the traffic stop, law enforcement officers detected a strong odor, consistent with marijuana, coming from the vehicle. BROWN, while seated in the rear seat, was observed attempting to conceal himself from the view of law enforcement officers, which in your affiant's training and experience is an indication of criminal activity. BROWN admitted to law enforcement that he had recently smoked marijuana and law enforcement ordered both BROWN and C.S.S. out of the vehicle to conduct a narcotics search of the vehicle.

9. During the search of the vehicle, law enforcement recovered a loaded black Sarsilmaz, 9mm handgun, with a round chambered, on the floorboard beneath the rear center seat bearing serial

number T1102- 20BV60824, and within reach of BROWN.



10. Law enforcement photographed the firearm where it was found, changed latex gloves to avoid contaminating the firearm, and recovered the weapon. Law enforcement also had body worn cameras activated for the duration of the interaction and all actions were captured on body worn camera. The firearm was submitted into evidence at the Palm Beach County Sheriff's Office where it remains.

11. Upon identification of BROWN, law enforcement obtained a criminal history report, and it was determined that BROWN was a convicted felon, making him a prohibited person under federal firearms statutes. BROWN was aware that he was a convicted felon prohibited from possessing a firearm, as he has a prior conviction for possession of a firearm by a convicted felon.

12. After the search of the vehicle, law enforcement informed BROWN that he was being detained and BROWN attempted to flee violently from law enforcement. BROWN continued to resist

arrest as law enforcement took BROWN into custody. BROWN later told law enforcement in a post-*Miranda* statement that he attempted to flee because he had approximately 3 grams of marijuana in the vehicle for personal use and he was afraid he would be arrested for it. BROWN denied ownership of the firearm and narcotics recovered from the vehicle.

13. C.S.S. was also interviewed by law enforcement and stated she had picked up BROWN moments before law enforcement contacted her and she had nothing illegal in the vehicle. C.S.S. also told law enforcement that she did not own a firearm, and both the recovered firearm and narcotics found in the black Chevrolet Tahoe did not belong to her or her mother who is the registered owner of the vehicle.

14. On September 6, 2024, a DNA search warrant for BROWN was obtained through the 15th Judicial Circuit for Palm Beach County, Florida, and executed at the Palm Beach County West Detention Center where BROWN was being housed. Law enforcement also swabbed the recovered firearm for DNA and sent those swabs to DNA Labs International for comparison.[1]

15. On February 3, 2025, law enforcement received DNA analysis results from DNA Labs International. According to the report, the DNA profile on the swabs from the body/frame and grip of the firearm was 2.1 quadrillion times more likely if the sample originated from BROWN and two unknown persons than if it originated from three unknown persons. This analysis "provides very strong support" for the proposition that BROWN is a contributor to the DNA profile obtained from the samples. Additionally, the DNA profile obtained from the swabs of the magazine is approximately 1.6 quadrillion times more likely if the sample originated from BROWN and two unknown persons than if it originated from three unknown persons. This analysis also "provides very strong support" for the proposition that BROWN is a contributor to the DNA profile obtained from the samples. Notably, "provides very strong support" is the highest category of probability that DNA Labs International assigns to a forensic testing result.

---

[1] DNA Labs International is an accredited laboratory that conducts forensic laboratory testing in accordance with ANAB standards.

16. On May 9, 2025, Special Agent Bret Smith of the Bureau of Alcohol, Tobacco, Firearms and Explosives examined the seized weapon and ammunition for the purposes of determining classification under Title 18 United States Code, Chapter 44 and to determine whether the items were shipped or transported in interstate or foreign commerce. Based upon examination of the items, as well as research, knowledge, training, and experience, it is SA Smith's opinion that the Sarsilmaz, 9mm handgun, bearing serial number T1102- 20BV60824, is a firearm as defined in 18 U.S.C. 921(a)(3) and traveled in interstate or foreign commerce and the rounds loaded in the weapon are ammunition as defined in 18 U.S.C. § 921(a)(17)(A) and traveled in interstate or foreign commerce.

## CONCLUSION

17. Based upon the information contained in this affidavit, I believe that probable cause exists that LEMARION JAWUN BROWN violated Title 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Zachary F. Schleiffer, Special Agent
Federal Bureau of Investigation

Sworn and Attested to before me by Applicant by Telephone
(Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this day of
May, 2025.

_____
HONORABLE RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE